Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| SANTIAGO GARCÍA COTTO<br><br>RECURRIDO<br><br>v.<br><br>JL PAINT CENTER, INC.<br><br>PETICIONARIO | TA2026CE00746 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CY2025CV00242<br><br>Sobre: Despido Injustificado, Discrimen por Edad, Acoso Laboral, Procedimiento Sumario |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio, la Jueza Álvarez Esnard y el Juez Cruz Hiraldo[1].

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de junio de 2026.

### I.

El 11 de junio de 2026, JL Paint Center, Inc. (JL Paint Center o peticionario) presentó un recurso de *Certiorari* en el que nos solicitó que revocáramos la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario), el 1 de junio de 2026, notificada y archivada digitalmente en autos el 2 de junio de 2026.[2] Mediante esta, el TPI declaró No Ha Lugar la *Moción de Sentencia Sumaria* que presentó el peticionario y ordenó la continuación de los procedimientos, en un pleito que se tramita bajo el procedimiento sumario laboral.

El 16 de junio de 2026, el señor Santiago García Cotto (señor García Cotto o recurrido) presentó una *Moción de Desestimación* en la que nos suplicó la desestimación del recurso o, en la alternativa,

---

[1] Ver Orden Administrativa OA DJ2025-063C, del 26 de mayo de 2026.
[2] Véase entrada núm. 34 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

que denegáramos su expedición, por resultar incompatible con el procedimiento sumario de reclamaciones laborales.[3]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso y procederemos a resolver.

**II.**

El caso de marras tuvo su génesis el 30 de mayo de 2025, cuando el señor García Cotto presentó una *Querella* sobre despido injustificado, discrimen por edad y acoso laboral, mediante el Procedimiento Sumario de Reclamaciones Laborales que establece la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2).[4] Alegó que trabajó para JL Paint Center como vendedor y mezclador de pintura hasta que fue despedido, de forma tácita, el 3 de junio de 2024. Arguyó que recibió acoso y maltrato en su lugar de empleo, consistente en que su supervisor le gritaba y humillaba constantemente, lo cual le provocó daños emocionales. El recurrido reclamó indemnización por concepto de mesada, por el despido injustificado, mediante la modalidad de despido constructivo y compensación por los daños económicos y emocionales por el acoso y discrimen sufrido.

Tras varios trámites procesales, innecesarios pormenorizar, el 25 de noviembre de 2025, JL Paint Center presentó una *Moción de Sentencia Sumaria.*[5] En síntesis, alegó que no surgía de las alegaciones de la querella que este le impusiera al empleado condiciones de trabajo más onerosas, que lo rebajara de categoría o que lo haya sometido a vejámenes o humillaciones de hecho o de palabra. Asimismo, mencionó que el señor García Cotto acudió a tres foros distintos en los que expuso versiones distintas e

---

[3] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[4] Véase entrada núm. 1 en el SUMAC-TPI.
[5] Íd., entrada núm. 17.

inconsistentes de las alegaciones. Por lo cual, suplicó al TPI que declarara No Ha Lugar la *Querella*, de forma sumaria.

El 9 de enero de 2026, el recurrido presentó una *Oposición a Moción de Sentencia Sumaria* en la que arguyó que no procede desestimar las causas de acción sumariamente sino que sus reclamos debían dilucidarse en un juicio plenario.[6] Además, las partes presentaron réplica y dúplica.[7]

El 10 de marzo de 2026, el TPI celebró una Vista Argumentativa para discutir la solicitud de sentencia sumaria.[8] El 1 de junio de 2026, el TPI emitió una *Resolución Interlocutoria* en la que declaró No Ha Lugar la *Moción de Sentencia Sumaria* presentada por el peticionario y ordenó la continuación de los procedimientos. Formuló 18 determinaciones de hechos materiales no controvertidos y 20 determinaciones de hechos en controversia.

Inconforme, el peticionario presentó el recurso de *certiorari* de epígrafe en el que formuló los siguientes señalamientos de error:

**ERRO EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR EL QUERELLADO-PETICIONARIO, CUANDO EL MISMO TPI DETERMINO QUE EL QUERELLANTE- RECURRIDO, NO CUMPLIÓ CON LA REGLA 36 DE PROCEDIMIENTO CIVIL, BASANDO SUS ALEGACIONES EN SU INMENSA MAYORIA EN UNA DECLARACION JURADA DEL PROPIO QUERELLANTE-RECURRIDO, POR LO QUE NO CONTROVERTIO LA SENTENCIA SUMARIA CON PRUEBA ADMISIBLE.**

**ERRO EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR EL QUERELLADO-PETICIONARIO, POR ALEGADAMENTE EXISTIR CONTROVERSIAS DE HECHOS MEDULARES QUE NECESITAN SER DIRIMIDOS EN UN JUICIO EN SU FONDO, CUANDO CONFORME A LA PRUEBA PRESENTADA E INCONTROVERTIDA COMO CUESTION DE DERECHO PROCEDE DICTAR SENTENCIA SUMARIA A FAVOR DEL QUERELLADO-PETICIONARIO.**

**ERRO EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR**

---

[6] Íd., entrada núm. 23.
[7] Íd., entradas núm. 28 y 30.
[8] Íd., entrada núm. 32. Minuta de la vista argumentativa celebrada el 10 de marzo de 2026.

EL QUERELLADO-PETICIONARIO, NO OBSTANTE, AUNQUE TOMANDO EN CONSIDERACION LAS DETERMINACIONES DEL DEPARTAMENRO (sic) DEL TRABAJO Y RECURSO[s] HUMANOS, ESTAS NO CONSTITUYE PRUEBA SUFICIENTE PARA COLOCAR AL TRIBUNAL EN POSICION DE EMITIR UNA SENTENCIA QUE DESESTIME TODAS LAS CAUSAS DEL CASO, CUANDO DE LA PRUEBA INCONTROVERTIDA SURGE QUE EL QUERELLANTE- RECURRIDO, BAJO SU FIRMA Y APERCIBIENTO DE DESACATO, AFIRMO ANTE EL DEPARTAMENTO DEL TRABAJO UNIDAD ANTIDISCRIMEN, VERSIONES INCONSISTENTES Y CONTRARIAS A LO ALEGADO EN EL CASO DE EPIGRAFE, HABIENDOSE DESISTIDO DEL CASO ANTE LA CITADA UNIDAD PARA PRESENTAR LA CAUSA DE EPIGRAFE.

ERRO EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR EL QUERELLADO-PETICIONARIO, EXPONDIENDO QUE, EL QUERELLANTE- RECURRIDO, ACUDIO AL DEPARTAMENTO DEL TRABAJO A VINDICAR BENEFICIOS DE DESEMPLEO, MIENTRAS QUE EN EL CASO DE AUTOS, LA ACCION PRESENTADA TIENE COMO PROPOSITO DETERMINAR SI LA RENUNCIA DEL QUERELLANTE- RECURRIDO, CONSTITUYÓ O NO, UN DESPIDO CONTRUCTIVO (sic), CUANDO DE LA PRUEBA PRESENTADA DEMUESTRA QUE, EN EL DEPARTAMENTO DEL TRABAJO UNIDAD ANTIDISCRIMEN DICIENDO QUE ENTENDIO FUE DESPEDIDO Y EN EL TPI DICE QUE RENUNCIO, SIN QUE HAYA CONTROVERTIDO LA PRUEBA EL QUERELLANTE- RECURRIDO.

ERRO EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR EL QUERELLADO-PETICIONARIO, EXPONDIENDO QUE CORRESPONDE EVALUAR SI EXISTIERON ACTOS DE DISCRIMEN POR EDAD Y ACOSO LABORAL, CUANDO DE LA PRUEBA PRESENTADA DEMUESTRA QUE NO ALEGO Y CUMPLIO CON LOS ELEMENTOS CONSTITUTIVOS DE LAS RESPECTIVAS CAUSAS DE ACCION, SIN QUE HAYA CONTROVERTIDO LA PRUEBA EL QUERELLANTE- RECURRIDO.

ERRO EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR EL QUERELLADO-PETICIONARIO, DETERMINANDO QUE AL MOMENTO NO CUENTA CON INFORMACION QUE PERMITA DETERMINAR A QUE RESPONDIO LA RENUNCIA DEL QUERELLANTE- RECURRIDO CUANDO DE LA PRUEBA PRESENTADA SURGE QUE, EN EL DEPARTAMENTO DEL TRABAJO UNIDAD ANTIDISCRIMEN DICE QUE ENTENDIO FUE DESPEDIDO Y EN EL TPI DICE QUE RENUNCIO.

ERRO EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR EL QUERELLADO-PETICIONARIO, AL DETERMINAR QUE

**LA EVIDENCIA NO ACREDITA SI EL QUERELLANTE-RECURRIDO SE ENCONTRABA O NO EN UNA SITUACION EMOCIONAL PRECARIA O SI HA RECIBIDO ALGUN TIPO DE AYUDA PSICOLOGICA, CUANDO ES EL MISMO TPI QUIEN EN SU RESOLUCION AFIRMA COMO HECHO QUE NO ESTA EN CONTROVERSIA QUE EL QUERELLANTE-RECURRIDO NO RECIBIA SERVICIOS O TRATAMIENTO PSICOLOGICO ALGUNO ANTES DE SU RENUNCIA, ASI ACEPTADO POR EL QUERELLANTE-RECURRIDO.**

**ERRO EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR EL QUERELLADO-PETICIONARIO, AL NO HACER DETERMINACIONES DE HECHO QUE FUERON ACEPTADAS POR EL QUERELLANTE-RECURRIDO EN LA OPOSICION A SENTENCIA SUMARIA.**

En apretada síntesis, nos suplicó que expidamos el auto de *certiorari* y declaremos Ha lugar la Solicitud de Sentencia Sumaria que este presentó, por entender que, conforme a la prueba presentada, no existen controversias sustanciales en cuanto a los hechos esenciales y pertinentes.

Por su parte, el recurrido se opuso a la expedición del recuso y solicitó su desestimación. Argumentó que el recurso presentado no plantea ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, en que se justifica nuestra intervención discrecional. Asimismo, arguyó que el peticionario no demostró la existencia de alguna de las excepciones que justifiquen apartarse de la norma establecida jurisprudencialmente para los casos tramitados bajo el procedimiento sumario establecido por la Ley Núm. 2, *supra.* Adujo que la etapa procesal en que se encuentra el caso no es la apropiada para una intervención apelativa.

### III.

### A.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias ante su consideración. ***Mun. Aguada v. W Const. y Recovery Finance,*** 214 DPR 432, 448 (2024); ***Beltrán Cintrón et al. v. ELA et al.,*** 204 DPR 89, 101

(2020). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta deben atenderse de forma preferente. ***R&B Power, Inc. v. Junta de Subastas ASG***, 213 DPR 685, 698 (2024). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. ***Mun. de San Sebastián v. QMC Telecom,*** 190 DPR 652, 660 (2014).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 97 (2008), ***Pueblo v. Santana Rodríguez***, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. ***Rodríguez v. Zegarra***, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción. Véase, Regla 83 del Reglamento del Tribunal de Apelaciones, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, págs. 116-117, 216 DPR __ (2025).

### B.

La Asamblea Legislativa aprobó la Ley Núm. 2, *supra*, a los fines de establecer un procedimiento sumario para los casos de reclamaciones de obreros y empleados contra sus patronos. Dicho estatuto provee un procedimiento sumario de reclamaciones laborales para la rápida consideración y adjudicación de las querellas de obreros y empleados contra sus patronos relacionadas con salarios, beneficios y derechos laborales. ***Ruiz Camilo v. Trafon Group., Inc.***, 200 DPR 254, 265 (2018); ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 732 (2016).

En estos casos, las Reglas de Procedimiento Civil aplicarán supletoriamente en todo aquello que no esté en conflicto con las disposiciones específicas de estas reglas o con el carácter sumario del procedimiento especial establecido en la referida legislación. 32 LPRA sec. 3120*; Flores Reyes v. Prestress Manufacturing Corp.*, 2026 TSPR 53, 218 DPR __ (2026).

Cónsono con el carácter expedito de la referida Ley, nuestro Tribunal Supremo ha resuelto en reiteradas ocasiones que la revisión de resoluciones interlocutorias es contraria al carácter sumario que, precisamente, busca adelantar el procedimiento. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496-497 (1999).

Ahora bien, el Tribunal Supremo ha reconocido que esta norma no es absoluta. Por excepción, los foros revisores deben mantener y ejercer su facultad revisora mediante *certiorari* en aquellas resoluciones interlocutorias dictadas en un procedimiento sumario de reclamaciones laborables en las siguientes instancias: (1) cuando el tribunal primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Díaz Santiago v. PUCPR et al.,* 207 DPR 339, 349 (2021); *Dávila, Rivera v. Antilles Shipping, Inc.,* supra, pág. 498.

**IV.**

En el caso de marras, el TPI concluyó que existían controversias de hechos materiales que le impedían disponer del pleito, por la vía sumaria. El peticionario impugna dicha determinación, en un caso tramitado bajo el procedimiento sumario laboral.

En contraparte, el recurrido argumenta que procede la desestimación del recurso, dada la incompatibilidad de la revisión

de una resolución interlocutoria con la naturaleza sumaria del procedimiento de reclamación laboral.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, corresponde desestimar el presente recurso, por falta de jurisdicción. Un examen sosegado del expediente del caso ante nuestra consideración y de la determinación recurrida, nos impide intervenir en la determinación del TPI. Ello obedece a que, la determinación recurrida es una resolución interlocutoria, no susceptible de revisión mediante el recurso discrecional de *certiorari*, <u>dado al carácter sumario del procedimiento laboral</u>. Adviértase, el presente caso se tramita conforme el **procedimiento sumario** establecido en la Ley Núm. 2, *supra.*

Es norma de derecho reiterada y establecida que, salvo ciertas excepciones, la revisión de resoluciones interlocutorias es incompatible los propósitos de la Ley Núm. 2, *supra.* En este caso, no están presente ninguna de las circunstancias excepcionales que nos permitirían intervenir. Por lo cual, nos abstenemos de ejercer nuestra función revisora y procedemos a desestimar el recurso, por falta de jurisdicción.

Nuestro Tribunal Supremo ha sido enfático en que, la naturaleza sumaria que provee la Ley Núm. 2, *supra*, constituye su característica esencial, por lo que se debe respetar tanto por las partes como los tribunales y así evitar que se desvirtúe el carácter especial y sumario del procedimiento. ***Ruiz Camilo v. Trafon Group., Inc.***, supra, pág. 265.

**V.**

Por los fundamentos antes expuestos, se *desestima* el recurso de *certiorari* presentado por la falta de jurisdicción, en esta etapa de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones